UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GULED HASSAN DURAN (ISN 10023), | : |
| Petitioner, | : |
| v. | : Case No. 16-cv-2358 (RBW) |
| DONALD J. TRUMP, *et al.*, | : |
| Respondents. | : |

## JOINT STATUS REPORT

The parties, by and through their undersigned counsel, respectfully submit this joint status report pursuant to the Court's June 6, 2017, minute order granting Petitioner's motion for extension of time to respond to Respondents' factual return (dkt. no. 20). The status of this case is the following:

1.  Since Petitioner filed this case, the parties have been meeting and conferring concerning a path toward its resolution on the merits. On June 12, 2017, counsel for the parties met at an appropriate secure facility to discuss certain issues relating to Respondents' factual return and preparation of Petitioner's traverse. The government provided some clarification concerning its theory as to why Petitioner remains lawfully held in military custody, which should help to narrow the disputed issues in this case. Petitioner's counsel also provided the government with a description of their initial, informal requests for production of documents and information, and explained why they believe the material is properly discoverable. Counsel for the government indicated that they would discuss these requests with Respondents in advance of formal discovery requests by Petitioner.

The parties also discussed Petitioner's request for Respondents to prepare a version of the factual return that his counsel can share with him, which Petitioner's counsel contend is an essential prerequisite to preparing a complete and adequate response to the factual return. The parties agreed that Respondents would prioritize the preparation of detainee-viewable versions of certain statements in the factual return over other matters in this case. At present, Respondents anticipate that preparation of these statements will be completed by August 31, 2017, barring any delays in the declassification process that may be caused by the utilization of necessary government personnel and resources in connection with ongoing military commission trials at Guantánamo, or that may be caused by other classification issues. Respondents are also preparing detainee-viewable versions of the other documents in the factual return, and will keep Petitioner's counsel informed of their progress.

2. The parties agree that Petitioner's counsel should have the opportunity to request discovery from Respondents and move to compel any discovery requests Respondents refuse. The parties, however, disagree as to the procedure by which this discovery should occur.

<u>Petitioner's Proposal</u>

Petitioner proposes to begin the formal process of discovery in two rounds as follows:

*Round 1*

a. Petitioner's first set of discovery requests served on Respondents by no later than July 31, 2017.

b. Government's response to Petitioner's first set of discovery requests served and discovery materials produced to Petitioner by no later than September 15, 2017.

c. Petitioner's first discovery motion filed with the Court by no later than October 13, 2017.

*Round 2*

  a. Petitioner's second set of discovery requests served on Respondents within 30 days of Court's ruling on Petitioner's first discovery motion, or Respondents' final production of discovery materials in response thereto, whichever is later.

  b. Government's response to Petitioner's second set of discovery requests served and discovery materials produced to Petitioner within 45 days of service of Petitioner's second set of discovery requests.

  c. Petitioner's second discovery motion filed with the Court within 30 days of the government's service of its response to Petitioner's second set of discovery requests and production of discovery materials.

  Notwithstanding the foregoing, Petitioner respectfully submits that it may be necessary for the parties to move to extend these proposed dates or otherwise amend the discovery process. As noted above, Respondents may require additional time to process Petitioner's discovery requests and materials for production due to ongoing military commissions or other classification issues. Petitioner's counsel also may require additional time to litigate its discovery requests because they expect to provide a declaration from Petitioner in support of those requests, the preparation of which may take additional time to complete because of the complicated logistics of obtaining such documents from any detainee at Guantánamo as well as classification issues that may be unique to this case.

  Petitioner further contends that Respondents' proposal to litigate a case management order limited to the scope of discovery (*see infra*) is unnecessary as there is presently no dispute concerning the scope of discovery in this case. In addition, it would be unworkable to litigate any such issues in the abstract before Respondents have received Petitioner's formal discovery

requests (about which there may or may not ultimately be any dispute). Petitioner contends that it would be more efficient to proceed with his discovery requests; Respondents can raise whatever objections they deem appropriate including as to the scope of discovery; and Petitioner can file a discovery motion with the Court addressing any such issues, as Petitioner has set forth above.

Respondents' Proposal

Respondents submit that it is premature to set schedules for formal discovery requests and briefing as Petitioner proposes. Rather, the next appropriate step in this case should be the entry of an order establishing the general scope and nature of the Government's disclosure obligations, as well as the scope, standards, and procedures for discovery, as in the case management orders commonly entered in prior Guantánamo Bay habeas cases. *See, e.g.*, *In re: Guantanamo Bay Detainee Litig.*, Misc. No. 08-0442 (TFH) (ECF Nos. 397, 1315), §§ I.D., I.E. I.F (addressing disclosure obligations, discovery standards, and procedures). Once such an order is entered, the parties can meet and confer in that context regarding Petitioner's proposed discovery requests and attempt to narrow any discovery issues in dispute for resolution by the Court. Petitioner's proposal to proceed with formal discovery apparently unmoored to the standards and procedures applied in Guantanamo habeas cases is not only inconsistent with practice in prior Guantanamo cases, but also promises to create multiple discovery disputes and prolong unduly discovery proceedings in this case.

Accordingly, Respondents' propose the following with respect to further proceedings related to discovery:

a. The parties shall confer and submit for the Court's consideration a proposed Case Management Order by July 14, 2017. The proposed Case Management Order need

not address case management aspects already addressed in this Status Report or controlled by the law of the Circuit in these Guantanamo cases. If the parties cannot agree on a proposed Case Management Order, the parties each may separately submit their own proposed Case Management Order by July 14, 2017.

b. Petitioner's first set of proposed discovery requests shall be provided to Respondents by the later of 14 days following the entry of a Case Management Order, or July 31, 2017, whichever is later.

c. The parties shall meet and confer regarding Petitioner's proposed discovery requests and submit a schedule for any necessary resolution of such requests within 30 days of Petitioner providing his proposed requests to Respondents.

\* \* \*

3.     Petitioner's counsel anticipate the need for a security-cleared medical expert to assist them in preparing a response to Respondents' factual return, including reviewing the factual return and discovery materials, and possibly interviewing Petitioner at Guantánamo. The parties will continue to meet and confer about this issue.

4.     Absent any request by Respondents to amend their factual return (which Petitioner would likely oppose), Petitioner proposes to file a traverse within 90 days of the completion of discovery. In lieu of motions for expedited judgment, Petitioner proposes to address in the traverse (a) any challenges to the government's detention authority as a matter of law, (b) any challenges to existing habeas procedures such as the use of hearsay, the burden and standard of proof, and the presumption of accuracy afforded to the government's evidence, (c) any remaining discovery issues, (d) any factual disputes concerning Petitioner's detainability, and (e) any challenges to the duration of Petitioner's detention.

The parties will address any other issues that may be necessary and appropriate as ordered by the Court.

Dated:    June 30, 2017

                                                            Respectfully submitted,

                                                            /s/ J. Wells Dixon
                                                            J. Wells Dixon (Pursuant to LCvR 83.2(g))
                                                            Shayana D. Kadidal (D.D.C. Bar No. 454248)
                                                            Omar A. Farah (Pursuant to LCvR 83.2(g))
                                                            CENTER FOR CONSTITUTIONAL RIGHTS
                                                            666 Broadway, 7th Floor
                                                            New York, New York 10012
                                                            Tel:  (212) 614-6423
                                                            Fax:  (212) 614-6499
                                                            wdixon@ccrjustice.org
                                                            skadidal@ccrjustice.org
                                                            ofarah@ccrjustice.org

                                                            *Counsel for Petitioner*

                                                            - and -

                                                            CHAD A. READLER
                                                            Acting Assistant Attorney General

                                                            TERRY M. HENRY
                                                            Assistant Branch Director

                                                            */s/ Timothy A. Johnson*
                                                            STEPHEN M. ELLIOTT
                                                            TIMOTHY A. JOHNSON
                                                            Attorneys
                                                            United States Department of Justice
                                                            Civil Division, Federal Programs Branch
                                                            20 Massachusetts Avenue, N.W.
                                                            Washington, DC  20530
                                                            Tel:  (202) 514-1359
                                                            Fax:  (202) 616-8470
                                                            timothy.johnson4@usdoj.gov

                                                            *Counsel for Respondents*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2017, I caused the foregoing joint status report to be filed with the Court and served on counsel for Respondents listed below via the Court's CM/ECF system.

    Timothy A. Johnson, Esq.
    U.S. Department of Justice
    Civil Division, Federal Programs Branch
    20 Massachusetts Ave, NW
    Washington, DC 20530
    Tel:  (202) 514-1359
    Timothy.Johnson4@usdoj.gov

*Counsel for Respondents*

                                        /s/ J. Wells Dixon
                                        J. Wells Dixon