UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GULED HASSAN DURAN (ISN 10023), | : | |
| Petitioner, | : | |
| v. | : | Case No. 16-cv-2358 (RBW) |
| DONALD J. TRUMP, *et al.*, | : | |
| Respondents. | : | |

**STIPULATION OF THE PARTIES AND ORDER REGARDING MODIFICATION OF THE PROTECTIVE ORDER**

The parties hereby STIPULATE and AGREE to the following modification of the legal mail provisions of the Protective Order entered in this case (ECF No. 5-1):

1. This modification shall remain in effect during the pendency of certain emergency measures related to the COVID-19 pandemic that have disrupted travel to and from Guantanamo Bay by couriers normally involved in the transport of legal mail, or until further order of the Court.

2. When an Assistant Staff Judge-Advocate (ASJA) at Joint Task Force—Guantanamo receives legal mail from Petitioner for delivery to his counsel, the ASJA shall place the legal mail in an envelope and seal the envelope in front of Petitioner, and shall then hand-carry the sealed envelope to a member of the GTMO Privilege Team. The GTMO Privilege Team member shall then secure the sealed envelope in its facilities.

3. While the envelope is still sealed and held by the GTMO Privilege Team, the D.C. Privilege Team shall notify counsel that a piece of mail has been submitted by Petitioner and provide counsel the option either to wait for a courier to hand-carry the sealed envelope via air

travel to the D.C. Privilege Team (after pandemic-related precautions are eased and courier runs resume) or to request review by an on-island liaison officer to the DoD classification authority.

4. The on-island liaison officer to the DoD classification authority shall be an assigned member, at Guantanamo, of the DoD Security Classification/Declassification Review Team (DoD SC/DRT), referenced in Chapter 18-1 of the 2011 Regulation for Trial by Military Commission,[1] and a DoD employee.

5. If counsel requests, a GTMO Privilege Team member will take the envelope to the on-island DoD SC/DRT liaison officer, open the sealed envelope, and have the liaison officer conduct an initial classification review of the legal mail. If the mail is deemed to be SECRET or lower, the GTMO Privilege Team member will scan the material onto a secure computer system accredited for SECRET information and then email it to a D.C. Privilege Team member's secure account. If the mail is deemed to be higher than SECRET, the DoD SC/DRT liaison officer will scan the material onto a secure computer system accredited for TOP SECRET information and then email it to one or more senior assigned DoD SC/DRT members in the D.C. headquarters for the DoD SC/DRT. The senior DoD SC/DRT members shall be specifically selected to receive such emails; more than one SC/DRT member shall be assigned for possible receipt to ensure the material is not delayed in being transferred to the D.C. Privilege Team due to staggered work schedules occurring during the pandemic. Whomever among these assigned individuals receives the email from the DoD SC/DRT liaison officer shall print out a hard copy of the correspondence and place it in a sealed envelope in the DoD SC/DRT safe where it will remain until the D.C. Privilege Team member can pick it up at the DoD SC/DRT headquarters.

---

[1] https://www.mc.mil/Portals/0/2011%20Regulation.pdf.

6. Any electronic files created as part of this process shall be deleted, and no record copies will be retained at any location, except that only metadata, transmission confirmations, and acknowledgements may be kept.

7. Apart from turning the legal mail transferred from Guantanamo over to the D.C. Privilege Team, neither the legal mail nor its contents may be disclosed by the DoD SC/DRT to anyone for any purpose including but not limited to intelligence purposes.

8. The DoD SC/DRT shall not apply classification markings to the legal mail or redact the legal mail as part of the process of transferring the material via email from Guantanamo to the D.C. Privilege Team.

9. The Central Intelligence Agency shall have no role in the process of transferring Petitioner's legal mail from Guantanamo to the D.C. Privilege Team.

10. Upon receipt of legal mail, the D.C. Privilege Team shall notify counsel via email that they have mail from Petitioner. That notification shall provide counsel with the option to have the letter placed in Petitioner counsel's safe at the secure facility or to submit the letter to the Privilege Team for a classification review pursuant to the terms of the Protective Order.

11. If counsel request a classification review, that review shall be conducted pursuant to the terms of the Protective Order, to include consultation with outside agencies to the extent permitted by the Protective Order. The only deviation from the standard classification review is that in the event there is classified content, a declassification review shall be conducted to redact any classified information as needed in order to create an unclassified version of the legal mail, which the D.C. Privilege Team shall fax to counsel. The D.C. Privilege Team shall then mark the entire original document at the highest necessary classification level and place it in counsel's secure drawer in the Secure Facility SCIF.

12. Anyone involved in the transfer of legal mail from Petitioner to his counsel, other than ASJAs and Privilege Team members who would be involved in the transfer of legal mail through the standard procedures under the Protective Order, shall sign an acknowledgment of this modification of the Protective Order in the following form, a copy of which shall be retained by the Department of Defense during the pendency of this case:

> I, [Name], have received, read, and understand the July 21, 2020 Stipulation Of The Parties And Order Regarding Modification Of The Protective Order entered in *Duran v. Trump*, No. 16-CV-2358 (D.D.C.), and I agree to comply with the provisions thereof.

13. The Department of Defense at any time may move to amend or dissolve this modification of the Protective Order.

14. This stipulation is ordered without prejudice to Petitioner's pending request for telephone access to his counsel (ECF No. 84).

15. Petitioner's counsel shall notify Respondents and the Court as soon as practicable if Petitioner has any objections to this stipulation.

SO ORDERED, this 23rd day of July 2020, at Washington, D.C.

_____
United States District Judge